McGREGOR W. SCOTT
United States Attorney
MICHAEL D. ANDERSON
SHELLEY D. WEGER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
MAY 30 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH JOHN DEASER, IV,<br><br>Defendant. | CASE NO. 2:19CR 0082 TLN<br><br>PLEA AGREEMENT |

## I.   INTRODUCTION

### A.   Scope of Agreement.

The Information in this case charges the defendant with violations of 18 U.S.C. § 1341 – Mail Fraud (Counts 1 and 2); 18 U.S.C. § 1028A – Aggravated Identity Theft (Count 3); 18 U.S.C. §§ 922(m) and 924(a)(3)(B) – False Entry in Records by Federal Firearms Dealer (Counts 4 through 9); and 18 U.S.C. §§ 922(b)(2) and 924(a)(1)(D) – Illegal Sale by Federally Licensed Dealer in Violation of State Law (Count 10).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

**B.    Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive

## II.    DEFENDANT'S OBLIGATIONS

**A.    Guilty Plea.**

The defendant will plead guilty to Counts Three and Ten of the Information, charging Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and an Illegal Sale by a Federally Licensed Dealer in Violation of State Law in violation of 18 U.S.C. §§ 922(b)(2) and 924(a)(1)(D). The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

1. **Waiver of Indictment:**

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed. R. Crim. P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

**B.   Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged from the period of December 2014, through April 2018.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C.   Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

### D. Special Assessment.

The defendant agrees to pay a special assessment of $200, $100 on each count of conviction, at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.

### E. Violation of Plea Agreement by Defendant/Withdrawal of Pleas.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such

counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F. **Revocation and Surrender of Federal Firearms Licenses**

The defendant agrees to voluntarily surrender his interest in the Federal Firearm Licenses (FFLs) listed below, and to not contest and affirmatively assist the Bureau of Alcohol, Tobacco, and Firearms in their revocation:

1. Capital Gun Club Family Shooting Centers, LLC dba Capital Gun Club, number 9-68-061-01-0C-04796;

2. Anarchy Armory, LLC dba Anarchy Amory, number 9-68-061-07-9H-03632; and

3. PJD Limited Partners LLC dba Capital Gun Club North, number 9-91-061-01-9C-06739

G. **Disposition of Firearms**

Defendant shall dispose of all firearms in his possession and/or registered to him personally or any of his Federal Firearm Licenses in accordance with all state and federal laws.

H. **Forfeiture**

The defendant agrees to abandon and forfeit all of his right, title, and interest to all firearms seized from him on or about April 4, 2018, to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), without further notice, and to effectuate this agreement by signing the ATF Consent to

PLEA AGREEMENT                                    5

Forfeiture or Destruction of Property and Waiver of Notice attached to this agreement as Attachment B. The ATF shall dispose of the firearms according to law.

## I. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Information  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Pleas), VI.B (Stipulations Affecting the Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

### B. Recommendations.

#### 1. Incarceration Range.

In regards to the incarceration range, Count Three, which charges aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), carries a mandatory term of two years in prison. With regard to Count Ten, the government will recommend that the defendant be sentenced to the low end of the applicable guideline range as determined by the Court. The sentence imposed on Count Ten shall run consecutively to the two-year term imposed on Count Three. *See* 18 U.S.C. § 1028A(b)(2).

#### 2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the

defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

### A.   Count Three, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1)

First, the defendant knowingly transferred, possessed or used without legal authority a means of identification of another person;

Second, the defendant knew the means of identification belonged to a real person; and

Third, the unlawful use or possession of the means of identification was during and in relation to a felony named in 18 U.S.C. § 1028A(c), to wit, Mail Fraud.

In regards to the underlying conduct of mail fraud in violation of 18 U.S.C. § 1341, the elements of that offense are:

(1) The defendant knowing devised, intended to devise, or participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

(2) The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

(3) The defendant acted with the intent to defraud; that is the intent to deceive or cheat; and

(4) The defendant used, or caused to be used, the mails of the United States or a common carrier in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

B. **Count Ten, Illegal Sale by Federally Licensed Dealer in Violation of State Law in violation of 18 U.S.C. §§ 922(b)(2) and 924(a)(1)(D)**

First, the defendant was licensed to deal, import, manufacture or collect firearms; and

Second, the defendant willfully sold or delivered a firearm to another person in a state in which the purchase or possession of the firearm was in violation of State law or published ordinance then applicable at the place of sale or delivery.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

A. **Maximum Penalty.**

Aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) carries a mandatory term of two years of incarceration, to be imposed consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 1028A(a)(1), (b)(1). It also carries up to one year of supervised release and a special assessment of $100.

The maximum sentence that the Court can impose for an illegal sale by a federally licensed dealer in violation of state law in violation of 18 U.S.C. §§ 922(b)(2) and 924(a)(1)(D) is five years of incarceration, a fine of $250,000, a three year period of supervised release and a special assessment of $100.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

B. **Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during

1 the term of supervised release, the Court may revoke the term of supervised release and require the
2 defendant to serve up to two additional years imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Stipulations Affecting Guideline Calculation.

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables for Count Three and therefore stipulate to the following:

Count Three

    1. Guideline sentence is the term of imprisonment required by statute, or 24 months consecutive to the sentence imposed for Count Ten [U.S.S.G. § 2B1.6]

Count Ten

    2. Base Offense Level: **+12** [U.S.S.G. § 2K2.1(a)(7)]

    3. Specific Offense Characteristics:

        a. **+6** because the offense involved at least 50 firearms [U.S.S.G. § 2K2.1(b)(1)(C)]

    3. Chapter Three Adjustments:

PLEA AGREEMENT          9

   a. Abuse of Position of Trust: **+2** because the defendant abused a position of trust by using his position as an FFL to facilitate the offense and to unlawfully use the means of identification of law enforcement officers that he obtained from client files. [U.S.S.G. § 3B1.3]

4. Acceptance of Responsibility: See paragraph III.B.2 above

Criminal History: The defendant's criminal history category will be determined by the Court.

Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's post-plea obstruction of justice (§3C1.1).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a), down to the two-year mandatory term of imprisonment on Count Three. The government reserves the right to oppose any such recommendation.

## VII.  WAIVERS

### A.  Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.  Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal

challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his pleas, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

C. **Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

D. **Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect

PLEA AGREEMENT 11

of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 5-30-19

JOSEPH WELCH
Attorney for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 5-30-19

JOSEPH JOHN DEASER, IV
Defendant

C. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:                             McGREGOR W. SCOTT
                                   United States Attorney

                                   /s/ Shelley D. Weger
                                   SHELLEY D. WEGER
                                   Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Pleas

Defendant, JOSEPH JOHN DEASER, IV, was a Federal Firearms Licensee ("FFL"), who held various Federal Firearms Licenses registered at 2001 Opportunity Drive, Roseville, California, a "members only" gun club commonly known as the Capital Gun Club. Beginning no later than December 2014, and continuing through approximately April 2018, defendant used his business(es) and FFL(s) to engage in a scheme to fraudulently obtain non-roster firearms in the names of California peace officers that the defendant then sold to members of the public. In California, FFLs can only sell new non-roster firearms to sworn peace officers, not members of the public. Peace officers can, in certain circumstances, sell used non-roster firearms to members of the public. Defendant was familiar with California's laws concerning the sale and transfer of non-roster firearms. Thus, defendant used the identities and personally identifying information of sworn California peace officers that he had obtained through legitimate firearm transactions, to conduct fictitious purchases of non-roster firearms in the names of peace officers. By purporting to have sold the firearms to a peace officers, defendant obtained new non-roster firearms registered to sworn peace officers that he then sold to members of the public. To carry out this scheme, the defendant completed and signed sections of the Firearm Transaction Record, ATF Forms 4473, and the California Dealer's Record of Sale of Firearm (DROS), that the purchaser was required to complete and sign, using the peace officer's identities and personally identifying information. In at least one instance, the defendant added additional firearms to an ATF Form 4473 after it had been signed by a peace officer, thereby falsely representing that the peace officer had purchased additional firearms. The defendant also placed his own finger print—almost always his middle finger—on the DROS document in the box designated for the "Purchaser's Right Thumb Print." In all, defendant used the identities of at least six sworn peace officers to conduct straw purchases of no fewer than 50 non-roster firearms that defendant later sold to members of the public and to himself for his personal use. Defendant sold the following 10 non-roster firearms to himself through purported private party transfers after having placed the firearms in the name of a peace officer via straw sales: (1) Smith & Wesson Pistol, .45 caliber, M&P 45 Shield, Serial Number: HDV3156; (2) Kimber Pistol, .9 caliber, Micro 9 Raptor, Serial Number: PB0029807; (3) Heckler & Koch Inc. Pistol, .9 caliber, VP9

SK, Serial Number: 232-008743; (4) Glock Inc. Pistol, .380 caliber, 42Gen4, Serial Number: ABHT630; (5) Heckler & Koch Inc. Pistol, .9 caliber, P30L, Serial Number: 213-018537; (6) Sig-Sauer Pistol, .9 caliber, P320, Serial Number: 58B182614; (7) Glock Inc. Pistol, .9 caliber, Model: 43, Serial Number: ZXW912; (8) Sig-Sauer Pistol, .9 caliber, P320, Serial Number: 58B237220; (9) Wesson Arms, Dan Pistol, .10 caliber, Silverback, Serial Number: 1504734, and (10) Wesson Arms, Dan Pistol, .10 caliber, RZ-10 Razorback, Serial Number: 1504129.

**Count Three**

On or about October 18, 2016, defendant through his FFL purchased a Smith and Wesson M&P9, 9MM, with serial number HDK4897, a non-roster firearm, and caused it to be mailed via UPS to defendant's FFL in Roseville, California. On or about March 15, 2017, defendant, Joseph John DEASER, IV, without lawful authority, used the name and personally identifying information of Person 3, a sworn peace officer, to conduct a straw purchase of the above identified firearm. Defendant obtained Person 3's name and personally identifying information when Person 3, in truth and fact, participated in a private party transfer of a firearm conducted at the defendant's FFL in approximately February 2017. Defendant subsequently used Person 3's information to execute the straw transaction by listing Person 3's name and personally identifying information, including Person 3's name, date of birth and California Driver's License number on the California's Dealer Record of Sale ("DROS") and in the DROS electronic system ("DES"). The false entries in DES were sent to the California Department of Justice and relied on by that agency to conduct a background check on the purchaser and the firearm prior to approving the sale. The California Department of Justice would not have approved the sale of a new non-roster firearm if the purchaser was not a sworn peace officer. Defendant also completed an ATF Form 4473 listing Person 3 as the purchaser, and signed Person 3's name in the box designated for the purchaser's signature. On or about April 18, 2017, DEASER sold the same firearm to a member of the public, Person 7. Person 7 knew that as a member of the public he/she could not purchase a non-roster firearm from directly an FFL. DEASER completed a DROS listing Person 3 as the seller and Person 7 as the purchaser. DEASER made a material misrepresentation when DEASER told Person 7 that Person 7 was purchasing the firearm from a peace officer via a private party transfer. DEASER knew this statement was false at the time he made the statement and at the time he completed the DROS

form because he knew that Person 3 never purchased or possessed the firearm. Person 7 would not have purchased the firearm but for DEASER's false representation.

**Count 10**

On or about August 18, 2015, DEASER sold and subsequently delivered a Colt Delta Elite, with serial number DS32651, to Person 9. This firearm was a non-roster firearm. Person 9 was a member of the public, not a sworn peace officer, and therefore, was prohibited under California law, including Penal Code § 32000, from purchasing a non-roster firearm directly from an FFL. In order to circumvent California's law prohibiting FFLs from selling non-roster firearms directly to members of the public, DEASER first conducted a straw transaction wherein DEASER purported to sell the non-roster firearm to Person 4, a sworn peace officer, on or about June 29, 2015. DEASER completed a DROS form with Person 4's personally identifying information, signed Person 4's name in the box designated for the purchaser's signature, and placed his right middle finger print in the box designated for the purchaser's right thumb print. In truth and fact, Person 4 never purchased or possessed the firearm. DESAER then conducted a private party transfer, wherein DEASER falsely purported on a DROS form that Person 4 was selling the firearm to Person 9. In truth and fact, Person 4 was not the seller and this transaction was in violation of California law.

*I have read and carefully reviewed the above Factual Basis for my plea with my attorney. I agree that as it concerns my conduct, it is true and correct.*

Dated: 05·30·2019

JOSEPH JOHN DEASER, IV
Defendant

**Attachment B**

(Consent to Forfeiture or Destruction of Property and Waiver of Notice)

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Consent to Forfeiture or Destruction of Property and Waiver of Notice

**1. Investigation Number** 786035-18-0024

**2. Full Name and Address of Party Granting Consent**

**3a. Date of Seizure/Receipt** 04/04/2018

**3b. Date taken into ATF Custody** 04/04/2018

**4. Judicial District in which Property was Seized/Received** Eastern District of California

**5. ATF Field Division** San Francisco

**6. Description of Property**

| (a) Item Number | (b) Description of Property |
|---|---|
| 000001 | Smith & Wesson Pistol, .45 caliber, M&P 45 Shield, Serial Number: HDV3156 |
| 000002 | Kimber Pistol, .9 caliber, Micro 9 Raptor, Serial Number: PB0029807 |
| 000003 | Heckler & Koch Inc. Pistol, .9 caliber, VP9 SK, Serial Number: 232-008743 |
| 000004 | Glock Inc. Pistol, .380 caliber, 42Gen4, Serial Number: ABHT630 |
| 000005 | Heckler & Koch Inc. Pistol, .9 caliber, P30L, Serial Number: 213-018537 |
| 000007 | Sig-Sauer Pistol, .9 caliber, P320, Serial Number: 58B182614 |
| 000008 | Glock Inc. Pistol, .9 caliber, Model: 43, Serial Number: ZXW912 |
| 000009 | Sig-Sauer Pistol, .9 caliber, P320, Serial Number: 58B237220 |
| 000010 | Wesson Arms, Dan Pistol, .10 caliber, Silverback, Serial Number: 1504734 |
| 000011 | Wesson Arms, Dan Pistol, .10 caliber, RZ-10 Razorback, Serial Number: 1504129 |

(Use reverse side if necessary)

**7. Consent to Forfeiture or Destruction of Property and Waiver of Notice**

I, the undersigned, hereby voluntarily surrender and relinquish all rights, title, and interest in, and all claims to the above-described property in order that said property may be disposed of by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in accordance with law. I understand that the above-described property may be subject to administrative or judicial forfeiture under State or Federal law, or may otherwise be disposed of in accordance with law, including destruction as abandoned property or contraband material. I hereby expressly consent to such action by ATF without further notice.

In the event that ATF seeks to forfeit the above-described property, I understand that ATF is required to send notice of any non-judicial civil forfeiture proceeding pursuant to Title 18, United States Code, Section 983 or Title 19, United States Code, Section 1607. I hereby consent to the forfeiture of the above-described items. Furthermore, I expressly waive any right to receive notice of any forfeiture proceeding, any right to challenge any forfeiture, and any right to later request remission or mitigation of forfeiture or otherwise seek the return of the above-described property under Federal law. I hereby expressly waive all constitutional, legal and equitable claims arising out of and/or defenses to forfeiture of the above-described property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim that such forfeiture constitutes an Excessive Fine.

I further agree to unconditionally release and hold harmless the Bureau of Alcohol, Tobacco, Firearms and Explosives, its officers, employees and agents from any and all claims, grievances, entitlements, demands, damages, causes of action or suits, whether in their official or individual capacity, of whatever kind and description, and wherever situated, that might now exist or hereafter arise by reason of, or growing out of, or affecting, directly or indirectly, the possession, seizure, custody, destruction, or other lawful disposition of the above-described property. I further agree to hold harmless and indemnify the Bureau of Alcohol, Tobacco, Firearms and Explosives, its officers, employees, and agents, to the extent of the value of the above-described property, against any claims possessed by any third party that may arise in any way from the possession, seizure, custody, destruction, or other lawful disposition of the above-described property in accordance with law.

**Signature** [signed]   **Date** 05.30.2019

**8. Witnessed by**

**a. Special Agent Signature** [signed]   **Date** 5/30/19

**b. Other Witness Signature (Name and Title)** [signed] SPECIAL AGENT CA DOJ   **Date** 5/30/19

ATF E-Form 3400.1
Revised May 2013