PHILLIP A. TALBERT
Acting United States Attorney
MICHAEL D. ANDERSON
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOSEPH JOHN DEASER, IV,<br><br>          Defendant. | CASE NO. 2:19-CR-00082 TLN<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>DATE: August 5, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

The United States submits this sentencing memorandum in support of the Presentence Report (PSR), ECF 24, and the parties' plea agreement, ECF 11. Consistent with the plea agreement, the United States recommends the defendant, Joseph Deaser, IV, be sentenced to a term of imprisonment at the low end of the applicable guideline range as determined by the Court for Count Ten (Illegal Sale by Federally Licensed Dealer in Violation of State Law), and that this term of imprisonment run consecutively to the 24 month mandatory minimum sentence for Count Three (Aggravated Identity Theft). *See* 18 U.S.C. § 1028A(a)(1), (b)(2). With respect to Count Ten, the PSR calculates a guideline range of 24 to 30 months' imprisonment. Neither party filed objections to the PSR. Assuming the Court adopts the PSR, the government agrees with the Probation Officer and recommends that the defendant receive a sentence of 48 months of imprisonment: 24 months on each count to be imposed consecutively.

A sentence at the low end of the applicable guideline range, is sufficient but not greater than necessary to comply with the sentencing objectives as set forth in 18 U.S.C. § 3553(a)(2).  This sentence reflects the seriousness of the offense and provides just punishment.  Over the course of three-plus years, Deaser used his position as a federally licensed firearms dealer to purchase no fewer than 50 new "non-roster"[1] firearms via straw transactions using the identities and personal identifying information of six sworn peace officers that he had obtained during legitimate firearms transactions.  Deaser subsequently sold the new non-roster firearms to members of the public.  The straw transactions allowed Deaser to skirt California law prohibiting FFLs from selling new non-roster firearms to members of the public and curry favor with members of his private gun club (Capital Gun Club) by offering them new firearms that they otherwise could not purchase in California.

Deaser's use of peace officers' identities in illegal firearms transactions is extremely serious, but what made his offense particularly egregious is the fact that his private actions were so contrary to the person he held himself out to be.  Publicly, Deaser advocated for gun safety and universal background checks prior to firearm ownership and represented himself as someone who supported law enforcement.  PSR ¶ 51, ECF 33 (Victim Impact Statement).  Yet privately he subverted the background check process by submitting false information about who was purchasing non-roster firearms and intentionally placed the lives and livelihood of six sworn peace officers in jeopardy by using their identities in illegal firearm transactions.  As one victim explains, "As a law enforcement officer, it is hard to trust most people.  We are always on alert and looking over our shoulders; always guarded.  When we build relationships and begin to trust, like I did with Mr. Deaser, it means something.  To have that trust ruined by Mr. Deaser, over the sale of a gun, is heartbreaking.  He always spoke about his support for law enforcement and veterans making me believe he was a good guy; while at the same time he was stealing my identity to s[ell] others LE [law enforcement] only handguns."  ECF 33.

---

[1] California maintains a list (aka "roster") of handguns that have been tested and determined "not to be unsafe."  Cal. Penal Code § 32015; *see also id.* at § 31910 (defining "unsafe handgun" as "any pistol, revolver, or other firearm capable of being concealed upon the person" that fails to meet certain statutorily enumerated criteria).  Members of the public are permitted to purchase firearms that appear on the roster from a licensed federal firearms dealer.  Firearms not on this list are referred to as "unsafe," "non-roster, or "off-roster."  An FFL can sell non-roster handguns only to statutorily exempt purchasers, such as sworn peace officers.  *See* Cal. Penal Code § 32000(b)(4).

Each of the six peace officers whose identities Deaser used told law enforcement that they did not know Deaser was purchasing firearms in their name and did not authorize him to do so. *See* PSR at 8 n.1. Deaser claims he believed he had "implied permission from the law enforcement officers in his club" to purchase non-roster firearms for resale. PSR ¶ 16. This is not only contrary to the evidence, but fails to explain why he used the peace officer's identity in the transaction charged in Count 3: the peace officer whose identity was used in this transaction was not a member of the Capital Gun Club, did not know Deaser, and had performed only one transaction at the club. In this instance, the peace officer had listed a used firearm for sale online and the prospective buyer, who was a member of Capital Gun Club, suggested conducting the private party transfer through Capital Gun Club as the FFL. *See* PSR ¶ 9.

The PSR includes Deaser's remarks about the tremendous negative consequences these criminal charges have, predictably, had on his life. PSR ¶ 17. However, he is astonishingly silent and seemingly without remorse for the impact his offense had on his victims and the potentially grave consequences his crimes could have caused them. PSR ¶ 17. As a result of Deaser's crime, at least one victim now must "relive this story every time [he/she] appl[ies] for a new LE job and [may] potentially have job offers taken" away. ECF 33. This is a likely reality for each of the peace officers Deaser victimized.

Although Deaser's offense is extremely serious and he was not initially forthcoming with the investigating agents about his offense conduct, PSR ¶ 11, to his credit, he accepted responsibility early on by pleading guilty shortly after the filing of an information. As part of the plea agreement, he agreed to voluntarily surrender his interest in his various Federal Firearm Licenses. ECF 11 at 5. A sentence at the low end of the guideline range will provide just punishment, promote respect for the law, and avoid unwarranted sentencing disparities. A sentence at the low end of the guideline range is also necessary to afford adequate deterrence by sending a message to the public, including other FFLs, that firearm crimes and the theft of peace officers' identities to perpetrate these crimes will be taken seriously and punished appropriately.

///

///

///

For these reasons as well as those articulated in the PSR, the defendant should be sentenced to 48 months' imprisonment.

Dated: July 28, 2021                              PHILLIP A. TALBERT
                                                  Acting United States Attorney

                                           By:    /s/ SHELLEY D. WEGER
                                                  SHELLEY D. WEGER
                                                  Assistant United States Attorney