UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH JOHN DEASER, IV,<br><br>Defendant. | No. 2:19-cr-00082-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Joseph John Deaser, IV's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 57.)  The Government filed an opposition.  (ECF No. 62.)  Defendant filed a reply.  (ECF No. 67.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2019, Defendant pleaded guilty to Counts Three and Ten of the Information. (ECF No. 5.) Count Three charged aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 1 at 6.) Count Ten charged illegal sale by a federally licensed dealer in violation of state law pursuant to 18 U.S.C. § 922(b)(2). (*Id.* at 9.) On August 5, 2021, the Court sentenced Defendant to a 48-month term of imprisonment to be followed by a 24-month term of supervised release. (ECF Nos. 52, 53.) Defendant is currently serving his sentence at Yankton Federal Prison Camp. He has served approximately 17 months of his 48-month sentence, and his projected release date with the application of good conduct time is October 16, 2024. (ECF No. 62-1 at 5.) On April 4, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release. (ECF No. 57.) Defendant requests the Court reduce his term of imprisonment to time served. (*Id.*)

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden that was denied on March 1, 2023. (ECF No. 57 at 6.) Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

///

///

B.      Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues the following constitute extraordinary and compelling reasons for his release: (1) his medical conditions and chronic health issues; (2) his transfer to a facility 1380 miles away from his parent facility for RDAP, only to find out he is not eligible to receive time credits for participating in RDAP; (3) his eligibility for home confinement in June 2023; and (4) the fact that he poses no threat to society and has a solid re-entry plan for his release. (ECF No. 57 at 1.) In opposition, the Government argues that none of these circumstances justify Defendant's release. (ECF No. 62.) As will be discussed, the Court agrees with the Government.

First, Defendant has not shown that his medical conditions constitute extraordinary and compelling reasons for release. Defendant's medical records, filed under seal by the Government, indicate he is suffering from various conditions, including: vitamin D insufficiency; alcohol use disorder, severe; unspecified mood disorder; unspecified disorder of adult personality and behavior; anxiety; sleep apnea; myopia; essential (primary) hypertension; rosacea; blepharitis related to rosacea; post-traumatic osteoarthritis (shoulders); bunions; joint disorder; spinal stenosis; bursitis (elbow and shoulder); kidney disorder; enlarged prostate; and BMI 32–32.9. (Exhibit 2 at 12–15.) Defendant's medical records also show he previously contracted and recovered from COVID-19. (*Id.* at 15.) Notably, Defendant's medical records indicate that he no longer has Stage 3 kidney disease. (*Id.* at 14.) Defendant's primary argument as to his medical conditions is that he needs four foot and shoulder surgeries and is experiencing extreme pain

related to those areas. However, Defendant has not shown that he is unable to undergo those surgeries or manage his pain through the BOP if necessary. In fact, Defendant states that he declined further surgical care while in custody based on the length of time it would have taken to complete that process and his preference to complete the surgeries while at home. (ECF No. 67 at 2.) The Court agrees with the Government these conditions do not amount to extraordinary or compelling circumstances, as it appears none of the conditions substantially diminish Defendant's ability to provide self-care and the BOP is capable of adequately treating those conditions.

Next, as for Defendant's place of imprisonment, the BOP has exclusive authority to designate the place of a prisoner's imprisonment pursuant to 18 U.S.C. § 3621(b). Section 3621(b) states BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The Ninth Circuit has stated, the BOP "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam). Therefore, Defendant fails to persuade the Court that his placement in a facility 1380 miles from home or the fact that he will soon be eligible for home confinement constitute extraordinary or compelling reasons for release, as those placement decisions are made exclusively by the BOP.

In sum, the Court agrees with the Government that Defendant has not established extraordinary and compelling reasons for release. While the Court commends Defendant for the positive steps he has taken while in prison, he fails to persuade the Court that his rehabilitation efforts warrant a sentence reduction. For all these reasons, the Court concludes there are no extraordinary and compelling reasons for Defendant's release.

        C.       <u>18 U.S.C. § 3553(a) Factors</u>

In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). In arguing the § 3553(a) factors warrant a time served sentence, Defendant discusses his rehabilitation efforts in prison, his positive performance on pretrial release, the fact that his crimes were non-violent and not drug related, and his release plan. The Court already took some of these factors into account at sentencing, and

Defendant has not shown that any new factors support a sentence reduction from low-end, 48-month term of imprisonment.  In particular, the nature and circumstances of Defendant's offense are serious — between December 2014 and April 2018, Defendant engaged in a scheme to fraudulently obtain non-roster firearms in the names of California peace officers that he then illegally sold to members of the public.  (ECF No. 24 at 5.)  Accordingly, the Court finds a 48-month sentence is reasonable but not greater than necessary to deter Defendant and others from committing similar crimes, to promote respect for the law, and to provide just punishment.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 57.)

IT IS SO ORDERED.

**DATE:  May 18, 2023**

Troy L. Nunley
United States District Judge